**GTS INDUSTRIES S.A.,**
**Plaintiff–Appellee,**

**DATALECT COMPUTER SERVICES,**
**LTD., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5125.

United States Court of Appeals,
Federal Circuit.

May 11, 2004.

v.

**UNITED STATES, Defendant–**
**Appellant,**

and

**United States Steel Corporation and**
**Bethlehem Steel Corportion,**
**Defendants.**

No. 03–1175.

United States Court of Appeals,
Federal Circuit.

May 13, 2004.

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

**Judgment**

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

John A. Ragosta, John J. Mangan, John A. Ragosta, Principal Attorneys, John R. Magnus, John W. Bohn, Hui Yu, of Counsel, Dewey Ballantine, Robert E. Lighthizer, James C. Hecht, Daniel L. Schneiderman, Jeffrey D. Gerrish, of Counsel, Skadden, Arps, Washington, DC, for Defendants.

Merritt R. Blakeslee, Principal Attorney, J. Kevin Horgan, Wakako O. Takatori, of Counsel, Washington, DC, Marc E. Montalbine, of Counsel, Saarbrucken, GE, for Plaintiff–Appellee.

David D'Alessandris, Principal Attorney, Jeanne E. Davidson, Dean A. Pinkert, Lucius B. Lau, John D. McInerney, David M.

**334**

Cohen, of Counsel, Washington, DC, for Defendant–Appellant.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

After an initial remand, the United States Court of International Trade affirmed the determination of the Department of Commerce that the countervailing duty rate on GTS Industries S.A.'s products should be 0 percent *ad valorem*. *GTS Indus. S.A. v. United States*, 246 F.Supp.2d 1311 (Ct. Int'l Trade 2002); *GTS Indus. S.A. v. United States*, 182 F.Supp.2d 1369 (Ct. Int'l Trade 2002). In a separate yet related case that was argued concurrently, this court ruled that the Court of International Trade did not err in ruling that Commerce may not employ the same-person methodology in calculating countervailing duty rate. *Allegheny Ludlum Corp. v. United States*, 367 F.3d 1339 (Fed.Cir.2004). Accordingly, this court *affirms*.